IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TINA RENEE ROBERTS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00930-BP |
| | § | |
| **COMMISSIONER OF** | § | |
| **SOCIAL SECURITY,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Tina Renee Roberts ("Roberts") applied for Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. Roberts appealed, but the Social Security Appeals Council ("AC") rejected her request for review. There is no reversible error in the legal standard that the Administrative Law Judge ("ALJ") applied, and substantial evidence supports his determination that Roberts was not disabled. Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case **with prejudice**.

I.  **BACKGROUND**

Roberts applied for DIB on April 20, 2021, alleging disability beginning on March 30, 2021. Soc. Sec. Admin. R. ("Tr.") 13, 169.  The Commissioner denied her application initially on January 12, 2022, and upon reconsideration on June 1, 2023. Tr. 13. Roberts challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision on April 1, 2024. *Id*. at 13-25.  Roberts appealed the decision to the AC, which denied review on August 2, 2024. *Id*. at 1-4; ECF No. 17 at 2. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review."

*Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Roberts then filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## II.     STANDARD OF REVIEW

Title II of the SSA, 42 U.S.C. §§ 401-434, governs the disability insurance program. A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id*. § 423(d)(1)(A). To determine whether a claimant is disabled and thus entitled to DIB, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. § 404.1520.

First, the claimant must not be presently doing any substantial gainful activity. *Id*. § 404.1520(a)(4)(i). "Substantial gainful activity" ("SGA") is work that "involves doing significant physical or mental activities" for pay or profit. *Id*. § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id*. § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See id*. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers her past relevant work ("PRW"). *See id*. § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [his] limitations." *Id*. § 404.1545(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id*. § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was substantial gainful activity and that lasted

2

long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2). The Commissioner made his decisions regarding Roberts's application prior to June 22, 2024, so the previous definition is proper in this case. *See* Tr. 25.

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id*. § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id*. § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)).

"A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id*. (quoting same). The Court may neither reweigh

evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process in this case. Tr. 13-25. First, the ALJ found that Roberts had not engaged in SGA since her alleged disability onset date of March 30, 2021. *Id*. at 15. Second, he found seven severe impairments: "diabetes mellitus, hypertension, degenerative disc disease of the cervical and lumbar spine, osteoarthritis and adhesive capsulitis of the left shoulder, osteoarthritis of the hands, depression, and anxiety." *Id*. at 16.

Third, the ALJ identified no impairment or combination of impairments that qualified under the federal regulatory list. Tr. 16. The ALJ then assessed Roberts's RFC, concluding:

> that [Roberts] has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(c) except [Roberts] can frequently handle, finger, and feel with the bilateral upper extremities. [Roberts] can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and reach overhead with the bilateral upper extremities. [Roberts] cannot climb ladders, ropes, and scaffolds or crawl. [Roberts] can understand, remember, and carry out detailed but not complex tasks and instructions.

Tr. 18.

At step four, the ALJ determined that Roberts could perform PRW as a receptionist and that this job is generally performed in the national economy. *Id*. at 24. The ALJ found this job was "performed within the past fifteen (15) years, lasted long enough for the individual to learn how to do the job, and [had] been [SGA]." *Id*.

Roberts argues that "[the] ALJ found that [she] suffered from a severe mental impairment but offered an RFC finding which does not reflect the existence of any severe mental impairment." ECF No. 10 at 2. Further, Roberts asserts that the "ALJ's RFC finding omitted proven mental functional limitations without explanation, [and that] [a]n award of benefits is required in this unique case." *Id*.

In response, the Commissioner argues that the ALJ "properly evaluated [Roberts's] mental RFC." ECF No. 14 at 2. The Commissioner further asserts that "[t]he ALJ was not required to include additional mental limitations in the RFC." *Id*. at 5. Finally, the Commissioner states that "[t]he evidence does not warrant an award of benefits." *Id*. at 7.

### A.   The ALJ's mental RFC determination does not conflict with his conclusion that Roberts was moderately limited in maintaining concentration, persistence, or pace.

Roberts claims that "[t]he ALJ found that [her] depression and anxiety were all independently severe mental impairments (Tr. 16)," and that "[t]he presence of a severe mental impairment means that as a matter of law the claimant's ability to perform basic work activities is significantly limited." ECF No. 10 at 2-3. Roberts argues that the ALJ's RFC contradicts these findings because it "contain[ed] no limitations whatsoever on [Roberts's] ability to perform the basic work activity of 'understanding, carrying out and remembering simple instructions.'" *Id*. at 4. Roberts argues further that the ALJ only adopted the mental limitation of a restriction to understanding, remembering, and carrying out "detailed, but not complex, tasks and instructions," but that this is not a basic work activity as it does not relate to "simple instructions." *See* Tr. at 18; ECF No. 10 at 5.

The ALJ completed the requisite psychiatric review technique ("PRT") analysis and determined that Roberts's mental impairments caused a moderate limitation in the functional area

5

of concentrating, persisting, or maintaining pace; mild limitations in functional areas of understanding, remembering, or applying information and adapting or managing oneself; and no limitation in the functional area of interacting with others. Tr. 17-18. In evaluating whether Roberts met or equaled a listed impairment at step three, the ALJ found that her "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." Tr. at 17. These findings are "paragraph B" findings and do not directly correlate to the RFC.

Roberts appears to argue that because she had a severe limitation at step two, the ALJ should have found a limitation in performing one of the basic work activities in the RFC. ECF No. 10 at 4-5. However, a finding that a claimant has a severe impairment at step two is different from the ALJ's assessment of the claimant's RFC. *See Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001). "A claimant is not entitled to social security disability benefits merely upon showing that she has a severe disability. Rather, the disability must make it so the claimant cannot work to entitle the claimant to disability benefits." *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *9 (5th Cir. 2005).

To the extent Roberts argues that 20 C.F.R. § 404.1522(b) provides an exhaustive and exclusive list of basic work activities, it does not. Section 404.1522 (b) provides:

> Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include –
>
>   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>   (2) Capacities for seeing, hearing, and speaking;
>   (3) Understanding, carrying out, and remembering simple instructions;
>   (4) Use of judgment;
>   (5) Responding appropriately to supervision, co-workers and usual work situations; and
>   (6) Dealing with changes in routine work setting.

20 C.F.R. § 404.1522(b).

Roberts cites authority for the proposition that an impairment that significantly limits a claimant's ability to do one or more basic work activities is "severe." ECF No. 10 at 3. However, she points to no authority that a finding of a severe limitation at step two must correspond to an RFC finding that specifically limits "understanding, carrying out, and remembering simple instruction." 20 C.F.R. § 404.1522. Nor does she cite authority that mandates remand or an outright award of benefits when there is an inconsistency between a finding of severe mental impairment and the absence of a limitation in performing one of the non-exclusive basic work activities.

The paragraph B criteria limitations of moderate limitations in maintaining concentration, persistence, and pace that the ALJ found following the "special technique" is not an RFC assessment. Social Security Regulation ("SSR") 96-8p, 1996 WL 374184, at *4 (S.S.A. July 2, 1996). Instead, it rates the severity of Roberts's mental impairments at steps two and three of the sequential evaluation process. *Id*. "The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorder listings in 12.00 of the Listing of Impairments." *Id*. These functions consider the claimant's abilities to: 1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c)(3). It is true that "the regulations require the ALJ to evaluate[ ] the limitations imposed by Plaintiff's mental impairments in certain areas and direct the ALJ to proceed to the RFC determination if Plaintiff's impairments are found severe." However, they "do not specifically require the ALJ to find that the limitations found in evaluating the mental impairment must be word-for-word incorporated into the RFC

7

determination." *Patterson v. Astrue*, No. 1:08-cv-109-C, 2009 WL 3110205, at *5 (N.D. Tex. Sept. 29, 2009).

Based on the facts in this case, the ALJ's mental RFC determination limiting Roberts to the performance of "detailed, but not complex job tasks," does not contradict the ALJ's finding in the "special technique" that Roberts was moderately limited in her ability to maintain concentration, persistence, or pace. Tr. 18. The decision reflects that the ALJ met the requirement to evaluate Roberts's mental impairments pursuant to the "special technique" set forth in the regulations since he made such an evaluation. Tr. at 16-18.

In his decision, the ALJ found at step two that Roberts did have the severe mental impairments including anxiety and depression. Tr. 16. Accordingly, at step three, the ALJ discussed at length Roberts's mental impairments as they pertained to "paragraph B." Tr. at 17-18. There, the ALJ found that Roberts's mental impairments with regard to concentrating, persisting or maintaining pace were a "moderate limitation." *Id*. at 18. The ALJ reasoned, "[b]ecause the claimant's mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria are not satisfied." *Id*.

The ALJ then incorporated Roberts's functional limitations of moderate deficits in concentration, persistence, and pace into limitations in the RFC that Roberts was limited to "detailed but not complex job tasks." *Id*. Similar findings have been upheld in numerous other courts. *See, e.g., Williams v. Colvin*, No. 4:14-cv-114-BJ, 2015 WL 1288348, at *6 (Mar. 20, 2015) ("Based on the facts in this case, the ALJ's mental RFC determination limiting [claimant] to the performance of detailed but not complex work is not contradictory with the ALJ's finding in the 'special technique' that [claimant] was moderately limited in her ability to maintain concentration, persistence, or pace."); *Chadwell v. Astrue*, No. 4:08-cv-736-Y, 2010 WL 3659050, at * 11 (N.D.

8

Tex. May 25, 2010) ("[T]he ALJ's finding that [the claimant] was moderately limited in her ability to maintain concentration, persistence, or pace is not inherently contradictory with an RFC assessment that [the claimant] could not perform work that involves complex instructions."); *Patterson v. Astrue*, No. 1:08-cv-109-C, 2009 WL 3110205, at *5 (N.D. Tex. Sept. 29, 2009) (holding, in essence, that the ALJ's finding that the claimant had a moderate limitation in concentration, persistence, and pace was not inconsistent with his RFC determination that claimant could understand, remember, and carry out more than simple instructions).

Here, the ALJ properly discussed the evidence in the record in making the RFC determination, explained his reasoning for the RFC determination, and exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into the RFC that the record most supported. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). Roberts urges the Court to seize upon a perceived inconsistency to conclude that remand or an award of benefits is required. But Roberts cites no supporting authority showing that the ALJ violated a legal standard. Nor has she demonstrated how the challenged inconsistency, assuming it exists, deprives the ALJ's mental RFC assessment of the substantial evidence necessary to support it. Accordingly, remand is not required on this point.

     **B.**     **The ALJ properly accounted for Roberts's mental limitations.**

Roberts also asserts that the ALJ did not adequately account or explain why he did not include mental functional limitations in the RFC to either understanding, remembering, and applying information or adapting and managing oneself. ECF Nos. 10 at 6; 17 at 3. Roberts argues the ALJ found at least mild functional limitations in both of these areas and therefore should have included additional limitations in the RFC. ECF No. 10 at 7-8. Roberts cites authority including 20 C.F.R. §§ 404.1523(c), 404.1545(a)(2), 404.1529(d)(4), claiming that "[a]gency policy must

account for the functional limitations caused by all of [Roberts's] medically determinable impairments (both mental and physical), even those which are non-severe, when forming the RFC finding." ECF No. 10 at 14. The Commissioner responds that the regulations do not require the ALJ to incorporate the limitations found in evaluating the mental impairment word-for-word into the RFC. ECF No. 14 at 6.

According to the regulations, the ALJ evaluates mental impairments evaluated at step two using a special technique to determine whether the claimant has a medically determinable mental impairment and then rates the impairment. 20 C.F.R. §§ 404.1520a(a)-(b). The ALJ assesses all the relevant evidence in the case record and "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184, at *5. The PRT is not an RFC and, as Roberts argues, the ALJ must perform "a more detailed assessment by itemizing various functions contained in the broad categories." *Id*. at *4.

Here, the ALJ examined each of the four required areas using the PRT. Tr. 17-18. In "understanding, remembering, or applying information," he found that despite the mild limitation, Roberts had "normal memory (Exhibit 4F at 12; Exhibit 5F at 7, 14, 20; Exhibit 6F at 49; Exhibit 7F at 13; Exhibit 8F at 55, 92; Exhibit 19F at 5, 28)," an "average fund of knowledge (Exhibit 9F at 120, 154, 174, 196; Exhibit 12F at 60, 354, 434)," and "intact associations (Exhibit 8F at 55, 89; Exhibit 9F at 120, 174; Exhibit 12F at 60)." *Id*. at 17. In "adapting or managing oneself," the ALJ found a mild limitation but that "[Roberts] had good insight and judgment (Exhibit 20F at 16, 33, 53, 71, 87)," she "was groomed (Exhibit 9F at 87, 143; Exhibit 12F at 46; Exhibit 20F at 16, 53)," she was "calm (Exhibit 20F at 16, 33, 71)," and she "had no suicidal or homicidal ideation (Exhibit 8F at 55; Exhibit 9F at 102, 143; Exhibit 12F at 60)." *Id*. at 18.

In formulating the RFC, the ALJ "fully considered the medical opinions and prior administrative medical findings" and summarized them as follows:

> [T]he claimant was cooperative (Exhibit 9F at 196; Exhibit 12F at 354; Exhibit 13F at 33). Providers have described the claimant as pleasant (Exhibit 18F at 34; Exhibit 19F at 116). Her eye contact was fair (Exhibit 2F at 4; Exhibit 3F at 8, 20). The claimant had normal speech (Exhibit 2F at 4; Exhibit 3F at 12; Exhibit 8F at 55, 89; Exhibit 9F at 143; Exhibit 12F at 46, 354; Exhibit 13F at 33). Given this evidence, I find no social limitations. The claimant had normal memory (Exhibit 4F at 12; Exhibit 5F at 7, 14, 20; Exhibit 6F at 49; Exhibit 7F at 13; Exhibit 8F at 55, 92; Exhibit 19F at 5, 28). Her memory was intact (Exhibit 2F at 4, 8, 16; Exhibit 3F at 8,16). The claimant had average fund of knowledge (Exhibit 9F at 120, 154, 174, 196; Exhibit 12F at 60, 354, 434). She had intact associations (Exhibit 8F at 55, 89; Exhibit 9F at 120, 174; Exhibit 12F at 60). Her thought processes were within normal limits (Exhibit 20F at 16, 33, 53, 71, 87). The claimant's thought processes were goal directed (Exhibit 2F at 4, 13; Exhibit 3F at 4, 13, 20), logical, and linear (Exhibit 8F at 55, 89, 92; Exhibit 9F at 10, 50). The claimant was alert and oriented (E.g., Exhibit 9F at 196). Her attention span and concentration were normal (Exhibit 8F at 55; Exhibit 9F at 196; Exhibit 12F at 60, 354; Exhibit 13F at 33). The claimant's concentration was fair (Exhibit 2F at 4, 17; Exhibit 3F at 8).

Tr. 22. The ALJ concluded that "[b]ased on these findings, and as more fully explained above, the evidence supports only a moderate finding in concentration, persistence or maintaining pace, with mild or no limits in the other areas." *Id*.

Roberts has not shown that substantial evidence did not support the RFC. The ALJ performed the more detailed assessment during steps four and five and considered Roberts's mental limitations when finding that she could carry out detailed but not complex work. Tr. 23. He found that Roberts could perform PRW as a receptionist, which did not require her to perform work-related activities that were inconsistent with her RFC. Tr. 24. The ALJ examined the evidence in Roberts's medical records and concluded that "the mental health records do not reflect significant cognitive deficits, such as memory loss or a limited concentration span" and that "functional limitations [are] not generally supported by the medical evidence." Tr. 20, 22. Consequently, remand is not required on this point.

11

## C. An outright award of benefits is not appropriate.

Roberts argues that if the Court does not affirm the ALJ's decision, an outright award of benefits is appropriate because of a change in the definition of PRW from 15 years to 5 years. ECF No. 10 at 15. However, the Court does not reach this point. Because the Court affirms the Commissioner, an outright award of benefits is not appropriate.

## IV. CONCLUSION

Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice**.

It is so **ORDERED** on May 1, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE